HARRY KAMINSKY, Respondent, v FRANK J. CONNOLLY, as Secretary and Treasurer of Highway & Local Motor Freight Drivers, Dockman & ·Helpers Local 707, Appellant, et al., Defendant.

First Department, February 26, 1976

*Stanley M. Berman* of counsel *(Cohen, Weiss & Simon,* attorneys), for appellant.

*Joseph M. Schwartz* respondent.

CAPOZZOLI, J. This action is brought to recover a pension from the pension fund jointly established and administered by representatives of a labor union and representatives of employers pursuant to the Taft-Hartley Act. The complaint

sought judgment that defendant Road Carriers Local 707 Pension Fund be impressed with a trust for the monthly pension payment of $125 per month from August, 1961 for the duration of plaintiff's life.

After a trial by the court, without a jury, the court decided that plaintiff was a stranger to the pension fund and, accordingly, the trust could not be impressed thereon. This should have ended the matter. However, even though the court itself called attention to the fact that the complaint sought no specific relief against the local union, it nevertheless found against the union and granted a full pension to plaintiff. Such determination is in no way supported by the record for the reasons which follow.

It is conceded that the plaintiff was an owner-driver under the direction of M & R Transportation Co., Inc. (hereinafter referred to as M & R) and he continued in that capacity until the strike in 1946. The evidence is clear that plaintiff did not sell his truck until 1949, having continued as owner-driver up to that time. In 1949, after the sale of plaintiff's truck to M & R for $1,500, plaintiff continued with M & R in a separately negotiated agreement between himself and M & R. At no time was the plaintiff covered by the collective bargaining agreement which controlled the employment conditions of all of the other employees of M & R, entered into on their behalf by the appellant union. There is no dispute that while the union employees, other than the plaintiff, were paid wages as specified in the collective bargaining agreement, ranging from $61.70 to $79.20 under 1950-1952 agreement and from $70.90 to $88.40 under the 1952-1954 agreement and were paid overtime over and above these wages, this arrangement did not cover the plaintiff. Because of his own separate negotiations with M & R, the plaintiff agreed to accept a flat $110 per week, without any additional payment for overtime work. This arrangement was entered into with the knowledge and consent of the appellant union.

It must also be noted that the collective bargaining agreement between the union and M & R for the period 1950-1952 provided for a total pension contribution of 4 cents per employee for every hour for which the worker was paid. This contribution was to be paid 2 cents by the employer and 2 cents by the employee. The record established that the plaintiff made no contributions on his own behalf to this pension fund arrangement. Nor did the employer make any contribu-

tion on behalf of the plaintiff. At the trial, remittance report forms for all M & R employees for the period from December, 1950 through August, 1952 were admitted into evidence as Exhibit D. They covered the seven quarters for the period indicated and they showed the names of the employees who contributed to this pension fund and nowhere does the name of the plaintiff appear.

For the period 1952-1954 the collective bargaining agreement provided that employee contributions were discontinued and the employer assumed responsibility for payment of those contributions in addition to its own. The documents in evidence indicate that at no time up to the time it went out of business in 1955 did M & R make any contributions on plaintiff's behalf.

In any event, had the plaintiff sustained his burden of showing that he was actually an employee, which is clearly refuted by the record, he still would not be eligible for any pension benefits whatever. To earn the minimum pension provided by the agreement, an employee had to be a covered employee and a member of the union for at least 15 years. M & R went out of business in 1955. Thus, if we were to accept the contention of plaintiff that he became an employee in 1946, he would still be short of the required minimum time.

It is established that all actions involving the breach by a union of the duty of fair representation of its members are controlled by Federal law irrespective of whether the action was brought in the State court or the Federal court *(Vaca v Sipes,* 386 US 171). In *Matter of Long Is. Lbr. Co. (Martin)* (15 NY2d 380, 382-383) the court stated: "Since the arbitration clause is part of a collective bargaining contract, its interpretation and enforcement come within the terms of subdivision (a) of section 301 of the Labor Management Relations Act * * * Because of this legislation such cases are not dealt with as a matter of State contract law and, although State courts have jurisdiction in such cases as this, the Federal law must be followed".

For the plaintiff to succeed in this action against the union, he must establish that the union was guilty of bad faith, or hostile discrimination or arbitrary conduct in its dealings with him. As was stated in *Motor Coach Employees v Lockridge* (403 US 274, 299): "There must be 'substantial evidence of fraud, deceitful action or dishonest conduct' [citing case]. Whether these requisite elements have been proved is a

matter of federal law." Hence, it is clear that even if the union was guilty of negligence, mistake or lack of competence, if there is no showing of fraudulent, deceitful or dishonest conduct, plaintiff cannot recover.

On this record we conclude that the plaintiff has failed to sustain his burden of proof and the judgment entered on July 22, 1974, awarding damages to plaintiff, should be modified on the law and the facts, without costs, and the complaint dismissed as to appellant union.

SILVERMAN, J. (concurring). I prefer to base my concurrence on the last ground stated in the opinion i. e., the failure to show any breach by the union of its duty of fair representation.

MURPHY, J.P., LUPIANO and NUNEZ, JJ., concur with CAPOZZOLI, J.; SILVERMAN, J., concurs in an opinion.

Judgment, Supreme Court, New York County, entered on July 22, 1974, unanimously modified, on the law and the facts, without costs and without disbursements, to dismiss the complaint as to appellant union.